UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
KRZYSZTOF KIELAN, individually and on behalf of
Others similarly situated                                          Index  No.

                                                    **COMPLAINT**

                        Plaintiff,

        -against-

QUIET SERVICES, INC.
      d/b/a GOLDEN CLASS LIMO, and
MOSA, IBRAHIM

                        Defendant.
-------------------------------------------------------------------X

Plaintiff,  KRZYSZTOF KIELAN,  ("Plaintiff") on behalf of himself and all other similarly situated,  by and through  its undersigned counsel, Morrison Tenenbaum PLLC, as and for its Complaint QUIET SERVICES, INC. d/b/a GOLDEN CLASS LIMO (the "Corporate Defendant" or "Quiet Services") and MOSA, IBRAHIM (the "Individual Defendant") alleges as follows:

**PRELIMINARY STATEMENT**

1.     This lawsuit seeks to recover unpaid overtime and misappropriated tips for Plaintiff and his similarly situated co-workers who have worked for Defendants in the State of New York as Drivers based upon Defendants' violation of the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL" or "N.Y. Lab. Law"), and appropriate rules and regulations. This lawsuit also seeks to recover unpaid wages owed to Plaintiff in breach of the employment agreement between Plaintiff and the Defendants. Lastly, this lawsuit seeks to recover damages for the mental anguish that the Defendants intentionally caused the Plaintiff to suffer.

2.     Quiet Services hired Plaintiff and all other similarly situated ("Drivers") to transport Defendants' customers in its buses, vans, and other vehicles.

3.      Quiet Services agreed to compensate Plaintiff at an hourly rate of $25 USD (twenty-five United States Dollars). For specified trips, to or from designated locations, the agreed-upon compensation was at a flat rate, rather than hourly.

4.      When hired by Quiet Services, Plaintiff told he would work 10-hour shifts. Instead, Plaintiff, and others similarly situated, consistently worked 15 to 18 hour work days, six or seven days a week, without receiving their proper compensation and premium overtime pay for all the hours he worked. Throughout the relevant period, it was Quiet Services policy to deprive Plaintiff, and other similarly situated, of all of his earned overtime wages in violation of the FLSA and NYLL.

5.      Quiet Services would compensate Plaintiff at a flat rate for trips that were intended to be calculated at an hourly basis, or would compensate Plaintiff for less hours than he worked. Quiet Services failed to compensate Plaintiff for his time waiting for passengers or his travel time to or from customer rides.

6.      Quiet Services also unlawfully deducted from Plaintiff's wages and failed to remit the full-value of Plaintiff's tips, in that Quiet Services retained tips from customers paying gratuities by credit card, and did not provide them to its Drivers, even though a reasonable customer would believe that the gratuities were intended only for the Driver.

7.      Additionally, during Plaintiff's employment at Quiet Services, a dispatcher hired as an agent of the Corporate Defendant threatened to "beat" Plaintiff and that he "knew where he lived." Plaintiff notified Individual Defendant, who intentionally neglected to take any action.

8.      Kielan (the "FLSA Class Representative") brings this action on behalf of himself and all similarly situated current and former Drivers of Defendants pursuant to the FLSA.

9.      Kielan also brings this action on behalf of himself to remedy violations of the NYLL, Article 19, §§ 650 et seq., and Article 6, §§ 195 and 198, and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

10.      Jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 201, et seq., 28 U.S.C. §§ 1331 and 1337 and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

11.      This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

12.      Corporate Defendant is authorized to do business in New York State and does business in New York, Kings, Queens, Richmond, and Bronx Counties.

13.      Accordingly, this action properly lies in the Eastern District of New York, pursuant to 28 U.S.C. § 1391.

## THE PARTIES

**A.      Plaintiff**

14.       Plaintiff is a resident of Nassau County, State of New York.

15.      At all times relevant to this Complaint, Kielan was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and N.Y. Lab. Law § 190(2).

16.      At all times relevant, Kielan was employed by Corporate Defendant as a Driver.

17.      Kielan expressed his consent to make these claims against Defendants by signing a written consent form, pursuant to 29 U.S.C. § 216(b).

**B.      Defendants**

18.     Upon information and belief, Defendant Quiet Services was and still is a domestic corporation, authorized to do business pursuant to the laws of the State of New York.

19.     Quiet Services was and still is doing business as Golden Class Limo in addition to doing business as Quiet Services Inc.

20.     Quiet Services maintains its principal place of business at 23-57 83rd Street, East Elmhurst, NY, United States, 11370.

21.     Upon information and belief, Quiet Services maintains control, oversight, and direction over its operations and employment practices.

22.     At all times hereinafter mentioned, Quiet Services was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

23.     Defendant Quiet Services employed employees, including Plaintiff, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of Section 3(b), (g), (i) and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r) & (s)(A)(i).

24.     Upon information and belief, Defendant Quiet Services' annual gross volume of sales made or business done is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

25.     At all times hereinafter mentioned, the activities of Quiet Services constituted an "enterprise" within the meaning of Section 3(r) & (s) of the FLSA, 29 U.S.C. § 203(r) & (s).

26.     At all relevant times, Quiet Services maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

27.    Quiet Services applied the same employment policies, practices, and procedures to all Drivers throughout the State of New York, including policies, practices, and procedures with respect to the failure to pay overtime wages and the failure to provide a minimum wage.

28.    Individual Defendant Ibrahim Mosa is the owner and principal of Corporate Defendant.

29.    Individual Defendant exercises operational control as it relates to all employees including Plaintiff and FLSA Collective Plaintiffs.

30.    At all relevant times, Individual Defendant exercised the power to fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff and FLSA Collective Plaintiffs.

31.    At all relevant times, employees of the Corporate Defendant could complain to Individual Defendant directly regarding any of the terms of their employments, and Individual Defendant would have the authority to effect any changes to the quality and terms of employees' employments, including changing their schedules, compensation, or terminating or hiring such employees.

32.    At all relevant times, Individual Defendant exercised functional control over Defendants' business and its financial operations.

**COMMON FACTUAL ALLEGATIONS**

33.    Plaintiff and the members of the FLSA Collective have been victims of Quiet Services' common policy and plan that has violated their rights under the FLSA by permitting Drivers to work in excess of 40 hours per week and denying them overtime compensation for all

overtime hours worked. At all times relevant, Quiet Services' unlawful policy and pattern or practice has been willful.

34.    All work performed by Drivers was assigned by Quiet Services and/or Quiet Services was aware of all the overtime work that Plaintiff and FLSA Collective Plaintiffs performed.

35.    Upon information and belief, Quiet Services has a policy and pattern or practice to require Plaintiff and Drivers to work in excess of 40 hours per week.

36.    Quiet Services failed to pay Plaintiff and Drivers time and one half for all hours worked over 40 in a workweek in violation of the FLSA and NYLL.

37.    Quiet Services deducted from the earned wages of Plaintiff and FLSA Collective Plaintiffs and failed to remit to them the full value of their earned gratuities.

38.    Quiet Services failed to furnish Plaintiff and Drivers with an accurate statement of, inter alia, wages, hours worked, and rates paid as required by NYLL.

39.    Quiet Services failed to furnish Plaintiff and Drivers with the hiring notice required by NYLL.

40.    As part of their regular business practice, Quiet Services intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy that violates the FLSA and NYLL. Quiet Services' policy and pattern or practice includes but is not limited to:

a.    Willfully failing to record all of the time that its employees, including Plaintiff and Drivers, worked for the benefit of Quiet Services;

b.    Willfully failing to pay its employees, including Plaintiff and Drivers the full value of their earned wages;

c.    Willfully failing to pay its employees, including Plaintiff and Drivers, overtime wages for all of the hours that they worked in excess of 40 per workweek;

d.    Willfully failing to pay its employees, including Plaintiff and Drivers the full value of their earned gratuities.

41.    Quiet Services' failure to pay Plaintiff and Drivers the full value of their earned wages was willful, intentional, and in bad faith.

42.    Quiet Services was or should have been aware that the FLSA and NYLL required them to pay its Drivers premium overtime pay for all hours worked in excess of 40 per week and to pay Plaintiff at the minimum wage for all hours worked free of any unlawful kick-backs to Quiet Services.

43.    Quiet Services' failure to pay Plaintiff and Drivers overtime wages for their work in excess of 40 hours per week was willful, intentional, and in bad faith.

44.    Quiet Services' failure to pay Plaintiff and Drivers the full value of their earned gratuities was willful, intentional, and in bad faith.

45.    Quiet Services' unlawful conduct was widespread, repeated, and consistent.

**INDIVIDUAL FACTUAL ALLEGATIONS**

46.    Kielan was employed by Quiet Services from in or about May 11, 2024 through September 11, 2024 as a Driver.

47.    Kielan was an employee of Quiet Services, working under its direct supervision.

48.    Kielan reported to Quiet Services' place of business each day and was assigned one of the company's vehicles to drive.

49.    Throughout Kielan's employment for Quiet Services, Quiet Services contacted him at the end of the day to assign him work for the following day. Kielan received assignments the morning of his work day too.

50.    Each workweek, Kielan regularly worked six or seven days, exceeding 10 hours per day for Quiet Services.

51.     At all times, Kielan was required to be paid overtime pay at the statutory rate of one and one-half his regular rate of pay after he worked 40 hours in a workweek for Quiet Services.

52.     Quiet Services, however, failed to compensate Kielan for all of the time worked in excess of 40 hours per week at a rate of at least one and one-half times his regular hourly rate.

53.     The customers Kielan served as an employee of Quiet Services regularly tipped him. Quiet Services failed to remit the tips paid through a company account or credit card to Kielan with his regular payroll.

54.     Quiet Services failed to remit the full value of Kielan's earned tips each week.

55.     Quiet Services failed to furnish Kielan with an accurate statement of wages listing hours worked, rates paid, gross wages, allowances and deductions taken, and net wages paid for each workweek.

56.     Quiet Services failed to provide Kielan with an accurate wage notice at the time of hiring.

57.     Upon information and belief, Defendants did not keep accurate records of hours Kielan worked.

## FLSA COLLECTIVE ACTION

58.     Kielan brings the First Cause of Action, pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of himself and all similarly situated persons who work or have worked for Corporate Defendant as a Driver within the last three years and who elect to opt-in to this action.

59.     Upon information and belief, there are approximately more than 50 current and former Drivers that are similarly situated to the FLSA Class Representative who were denied overtime compensation by Corporate Defendant.

60.    The FLSA Class Representative represents other Drivers, and is acting on behalf of Corporate Defendant's current and former Drivers interests as well as his own interests in bringing this action.

61.    Corporate Defendant unlawfully permitted the FLSA Class Representative and all individuals employed as Drivers to work in excess of 40 hours per week without paying them overtime compensation at a rate of at least one and one-half times their regular hourly rate.

62.    The FLSA Class Representative seeks to proceed as a collective action with regard to the First Causes of Action, pursuant to 29 U.S.C. § 216(b) on behalf of himself and the following class of persons:

All Drivers who are working or worked for Corporate Defendant during the three years prior to the filing of their respective consent forms ("FLSA Collective").

63.    Quiet Services was aware or should have been aware that the law required it to pay non-exempt employees, including the FLSA Class Representative and the FLSA Collective, an overtime premium of one and one-half times their regular rate of pay for all work-hours Quiet Services suffered or permitted them to work in excess of 40 per workweek. Upon information and belief, Quiet Services applied the same unlawful policies and practices to its Drivers throughout the State of New York.

64.    The FLSA Collective is readily identifiable and locatable through the use of the Corporate Defendant's records. The FLSA Collective should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, the Case FLSA Collective, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by Corporate Defendant.

65.     Kielan brings this Cause of Action on behalf of himself and all similarly situated persons who work or have worked for Corporate Defendant as a Driver within the last three years and who elect to opt-in to this action.

## BREACH OF CONTRACT

66.     Kielan brings a Cause of Action for breach of contract.

67.     Kielan was hired as an employee by Corporate Defendant to perform driving and transportation services for Corporate Defendant. Kielan was hired at a rate of $25 an hour, with only limited drives, such as those to New York area airports, at a flat rate.

68.     Kielan performed all of his duties under the Agreement.  However, Corporate Defendant breached the Agreement and consistently did not pay Kielan for the work he performed under the Agreement. Corporate Defendant failed to compensate plaintiff for the total numbers of hours worked, travel time, and time spent waiting for passengers. Corporate Defendant also compensated plaintiff at a flat rate in instances where the hourly rate was appropriate.

69.     Kielan now brings this action for breach of the agreement.

## NEW YORK LABOR LAW ALLEGATIONS

70.     Kielan allege the following facts on his own behalf in support of his claims under the New York Labor Law.

71.     Quiet Services failed to pay proper compensation for all work-hours and violated N.Y. Lab. Law, Articles 6 and 19, and the supporting New York State Department of Labor regulations.

72.     Quiet Services failed to keep accurate time records for all hours worked by the Plaintiff.

73.     Quiet Services unlawfully deducted from the wages of the Plaintiff.

74.    Quiet Services unlawfully failed to remit the full value of the earned gratuities in violation of N.Y. Lab. Law § 196-d.

75.    Quiet Services failed to furnish the Plaintiff with an accurate statement of, inter alia, wages, hours worked, and rates paid as required by N.Y. Lab. Law § 195.

76.    Quiet Services failed to furnish the Plaintiff with the hiring notice required by N.Y. Lab. Law § 195.

77.    Quiet Services acted willfully or with reckless disregarding in its failure to pay the Plaintiff.

**WTPA Violation Claims**

78.    At all relevant times, Plaintiff and FLSA Collective Plaintiffs never received a wage notice from Defendants. They also did not receive accurate wage statements from Defendants.

79.    In violation of the Wage Theft Protection Act ("WTPA")—incorporated into NYLL—Defendants knowingly and willfully operated their business with a policy of not providing wage notices to Plaintiff and Plaintiff and FLSA Collective Plaintiffs at the beginning of their employment with Defendants.

80.    In failing to provide proper wage statements and notices, Defendants have failed to comply with the law in a manner that entails a concrete harm to an interest identified by the New York State legislature under. Defendants failed to furnish Plaintiff and FLSA Collective Plaintiffs with proper wage notices and statements, as required by NYLL §§ 195(1) and 195(3) WTPA, N.Y. Lab. Law § 195.

81.    Here, Defendants' failure goes beyond generating a risk of harm to Plaintiff and FLSA Collective Plaintiffs. Defendants' conduct actually harmed Plaintiffs and FLSA Collective Plaintiffs. Defendants' failure to provide wage notices and paystubs listing all hours actually

11

worked and rates of pay, including overtime hours and overtime rates, deprived employees of the ability to contest the pay provided by Defendants, allowed Defendants to hide their wrong-doing, and necessitated the current litigation to vindicate Plaintiff and FLSA Collective Plaintiffs. This conduct ensured Defendants' ability to further delay providing proper compensation to low wage earners entitled to protection under state law. Defendants' failure to provide wage notices and wage statements to employees allowed Defendants to hide their responsibility and deprive employees of timely compensation.

82.     The failure to provide proper wage notices and wage statements continues to result in delayed payment of all proper wages owed to Plaintiff and FLSA Collective Plaintiffs. This delayed payment caused Plaintiff and FLSA Collective Plaintiffs to struggle to pay bills and other debts.

83.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage notices and wage statements as required by NYLL.

84.     Defendants' failure to provide Plaintiff and FLSA Collective Plaintiffs with accurate wage statements caused concrete, downstream consequences involving monetary injury.

85.     Defendants knowingly and willfully operated their business with a policy of failing to provide Plaintiffs and FLSA Collective Plaintiffs with wage notices and accurate wage statements, in violation of the NYLL.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

86.     Kielan brings this Cause of Action on his own behalf for intentional infliction of emotional distress.

87.     The threatening conduct of the Corporate Defendant's agent, as well as the Individual Defendant's knowledge and failure to curb said conduct, was extreme and outrageous in nature and intended to cause the Plaintiff severe emotional and mental distress. As a direct result

of this conduct, Plaintiff suffered emotional anguish and feared for his safety and the safety of his family.

**FIRST CAUSE OF ACTION**
**FLSA – Overtime Wages**
**(Brought on behalf of Plaintiff and the FLSA Collective)**

88.    Plaintiff incorporates by reference all allegations in all preceding paragraphs.

89.    Plaintiff and members of the FLSA Collective are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

90.    Defendants employed Plaintiff and members of the FLSA Collective for workweeks longer than 40 hours and willfully failed to compensate Plaintiff for all of the time worked in excess of 40 hours per week, at a rate of at least one and one-half times their regular hourly rate, in violation of the requirements of Section 7 of the FLSA, 29 U.S.C. § 207(a) (1).

91.    Plaintiff expressed his consent to make these claims against Defendants by attaching a written consent form, pursuant to 29 U.S.C. § 216(b).

92.    Defendants failed to make a good faith effort to comply with the FLSA with respect to its compensation to Plaintiff and the FLSA Collective.

93.    Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

94.    Defendants were or should have been aware that the FLSA required them to pay Drivers overtime premium pay for all hours worked in excess of 40 per week.

95.    Defendants' failure to pay Plaintiff and FLSA Collective Plaintiffs overtime wages for their work in excess of 40 hours per week was willful, intentional, and in bad faith.

96.    Due to Defendants' violations of the NYLL, Plaintiff and FLSA Collective Plaintiffs are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, reasonable attorneys' fees, and costs.

**SECOND CAUSE OF ACTION**
**BREACH OF CONTRACT**

97.    Plaintiff incorporates by reference all allegations in all preceding paragraphs.

98.    Defendants employed Plaintiff and willfully failed to compensate Plaintiff for the entirety of the hours he worked, and in the manner Defendants agree to pay Plaintiff, in breach of the terms of employment.

99.    Plaintiff has suffered damages as a result of Defendants' failure to pay Plaintiff in accordance with the terms of their agreement.

**THIRD CAUSE OF ACTION**
**NYLL – Unpaid Overtime**

100.    Plaintiff incorporates by reference all allegations in all preceding paragraphs.

101.    At all times relevant, Plaintiff was an employee and Corporate Defendant was his employer within the meaning of the NYLL.

102.    Plaintiff is covered by the NYLL.

103.    Corporate Defendant failed to keep, make, preserve, maintain and furnish accurate records of time worked by Plaintiff.

104.    Corporate Defendant failed to pay Plaintiff overtime wages to which he is entitled under the NYLL Article 19 §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

105.    Corporate Defendant failed to pay Plaintiff overtime at a wage rate of one and one-half times their regular rate of pay.

106.    Corporate Defendant has a policy and practice of refusing to pay overtime compensation for all hours worked to Plaintiff.

107.    Corporate Defendant's failure to pay overtime compensation to Plaintiff was willful and intentional.

108.    Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid overtime wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**FOURTH CAUSE OF ACTION**
**New York Spread of Hours Provisions – N.Y. Comp. Code R. & Regs. §142-2.4**

109.    Plaintiff incorporates by reference all allegations in all preceding paragraphs.

110.    Plaintiff regularly had work days that lasted more than ten hours.

111.    Defendants willfully and intentionally failed to pay Plaintiff one hour's pay at the basic New York State minimum hourly wage rate when his workdays exceeded ten hours, as required by New York law.

112.    As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre-judgment and post-judgment interest, and costs and attorneys' fees, as provided by NYLL §663.

**FIFTH CAUSE OF ACTION**
**NYLL – Unlawful Wage Deduction**

113.    Plaintiff incorporates by reference all allegations in all preceding paragraphs.

114.    Defendants knowingly, willfully, and intentionally violated NYLL Article 6, § 193 when Defendant deducted money from Plaintiff's earned wages.

115.    Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants his full wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**SIXTH CAUSE OF ACTION**
**NYLL – Failure to Remit Gratuities**

116.    Plaintiff incorporates by reference all allegations in all preceding paragraphs.

117.    Defendants knowingly, willfully, and intentionally violated NYLL Article 6, § 196-d when Corporate Defendant failed to remit the full value of Plaintiff's earned gratuities.

118.    A reasonable customer would believe that the gratuities would be paid to Plaintiff in full.

119.    Due to Defendants' violations of the NYLL, Plaintiff is are entitled to recover from Defendants their withheld gratuities, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**SEVENTH CAUSE OF ACTION**
**NYLL – Failure to Provide Wage Statements**

120.    Plaintiff incorporates by reference all allegations in all preceding paragraphs.

121.    Corporate Defendant failed to supply Plaintiff with an accurate statement of wages as required by N.Y. Lab. Law § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

122.    Due to Defendants' violations of N.Y. Lab. Law § 195, for each workweek that Corporate Defendant failed to provide a proper wage statement from May 11, 2024, through September 11, 2024, Plaintiff is entitled to damages of $250 per work day, or a total of $5,000, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

**EIGHTH CAUSE OF ACTION**
**NYLL – Failure to Provide Wage Notices**

123.    Plaintiff incorporates by reference all allegations in all preceding paragraphs.

124.    Defendants failed to supply Plaintiff notice as required by N.Y. Lab. Law § 195, in English or in the language identified by Plaintiff as their primary language, containing Plaintiff's

rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with N.Y. Lab. Law § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

125.    Due to Defendants' violations of N.Y. Lab. Law § 195, for each day that Corporate Defendant failed to provide a proper wage notice at the time of hiring from May 11, 2024 through September 11, 2024, Plaintiff is entitled to damages of $50 per work day, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

## NINTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress

126.    Plaintiff incorporates by reference all allegations in all preceding paragraphs.

127.    The dispatcher, acting as an agent of the Corporate Defendant, willfully in acted in an extreme and outrageous manner by threatening the Plaintiff, directly resulting in the Plaintiff's severe emotional distress.

128.    The Individual Defendant willfully acted in an extreme and outrageous manner by intentionally disregarding the Plaintiff's complaint of the dispatcher's conduct, directly resulting in the Plaintiff's severe emotional distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks for the following relief:

A.    That, at the earliest possible time, the FLSA Class Representative be allowed to give notice to the FLSA Collective, or that the Court issue such notice, to all persons who are

presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Corporate Defendant as Drivers, or similarly situated positions. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.     Unpaid overtime and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C.     Unpaid wages due pursuant to the breach of contract claim;

D.     Unpaid overtime, spread of hours, gratuities, and liquidated damages pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

E.     Statutory damages, as provided for by N.Y. Lab. Law § 198, for Defendants' violations of the notice and recordkeeping requirements pursuant to N.Y. Lab. Law § 195;

F.     Providing pursuant to NYLL §663 that if any amount of the judgment upon the NYLL claims is unpaid within ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal therefrom is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent;

G.     Pre-judgment interest and post-judgment interest as provided by law;

H.     Appropriate compensation for the emotional harm caused by outrageous and intentional conduct.

I.     Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Corporate Defendant from continuing its unlawful practices;

J.     Attorneys' fees and costs of the action;

18

K.      Issuance of a declaratory judgment that the practices complained of in this action are unlawful under N.Y. Lab. Law § 190 et seq.;

L.      Such other injunctive and equitable relief as this Court shall deem just and proper; and

M.      Such other relief as this Court shall deem just and proper.

| | |
|---|---|
| Dated: New York, New York<br>        December 4, 2024 | MORRISON TENENBAUM PLLC<br><br>By:     /s/ Lawrence F. Morrison<br>        Lawrence F. Morrison<br>        Joshua S. Androphy<br>        Morrison Tenenbaum PLLC<br>        87 Walker Street, Fl. 2<br>        New York, NY 10013<br>        lmorrison@m-t-law.com<br>        jandrophy@m-t-law.com<br>        *Attorneys for Plaintiff* |

CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT

I, _KRZYSZTOF   KIELAN_ , am an individual formerly

employed by _GOLDEN  CLASS LIMO  LLC._ (together, including any

successors, affiliates or related entities, "Defendants"). I consent to be a plaintiff in an

action to collect unpaid compensation against Defendants.


By: _Krysztof Kah_                     Date: _11/26/24_

Name: _KRZYSZTOF KIELAN_